IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Henry-Allen Holdcroft, | : | |
| Plaintiff | : | Civil Action 2:05-cv-536 |
| v. | : | Judge Marbley |
| Reginald A. Wilkinson, Director, Ohio Department of Rehabilitation and Correction, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants | | |

**INITIAL SCREENING
REPORT AND RECOMMENDATION**

Plaintiff Henry-Allen Holdcroft, an inmate at the Ross Correctional Institution, brings this prisoner civil rights action under 42 U.S.C. §1983. This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to identify cognizable claims, and to dismiss

---

[1]The full text of §1915A reads:

(a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

For the reasons discussed below, the Magistrate Judge **RECOMMENDS** that defendants Reginald A. Wilkinson, Director, Ohio Department of Rehabilitation and Correction; Chief Inspector Cheryl Martinez; Assistant Chief Inspector Linda Coval; Institutional Inspector Robert Whitten ; Major Roger Hall; Captain Jackie Lacy; First Shift Captain Lawless; Captain Vaught; Captain Bain; Captain Price; Lt. Warrens; Sgt. Bell; Sgt Mal Corey; Sgt. Phil Taylor; Sgt. Greg Hughes; Sgt. Carol; C.O. Shannon Taylor; C.O. Barnett; C.O. William Hewitt; and Deputy Warden Carol Upchurch be **DISMISSED** from this lawsuit because the complaint fails to state a claim under 42 U.S.C. §1983 against them and because plaintiff has not exhausted his prison administrative grievance remedies as to his claims against them.  The Magistrate Judge **FURTHER RECOMMENDS** that the lawsuit continue as to plaintiff's claims against defendants Warden Pat Hurley, Deputy Warden Jeff Lisath, Unit Manager Administrator Charlene Payne, and Unit Manager Consuella Henry.

Allegations in the complaint.  The complaint alleges defendants have intentionally subjected plaintiff to second-hand tobacco smoke in Unit 6 at the Ross Correctional Institution. Unit 6 is designated a tobacco free area.  Plaintiff lives there because his doctor has prescribed

---

(c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

2

that he avoid second-hand smoke.

The complaint alleges that the prison does not screen inmates entering Unit 6 for tobacco use. Consequently, inmates who are smokers get into Unit 6 and smoke.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Brown v. Bargery,* 207 F.3d 863, 866 (6th Cir. 2000); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A civil "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45-46; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). Moreover, *pro se* prisoner complaints must be liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

Discussion. There are few allegations in the complaint about individual defendants. Plaintiff seeks to hold many of them liable on the ground of *respondent superior*. That is not a basis for liability under 42 U.S.C. § 1983. *Polk Co. v. Dodson*, 454 U.S. 313, 325 (1981); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). To establish liability under §1983, a plaintiff must plead and prove that a defendant is personally responsible for the unconstitutional actions which injured him. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). A supervisor is not liable unless the supervisor encouraged or some-how participated in the actionable events. There is no liability under 42 U.S.C. §1983 for "mere failure to act." *Shehee*

*v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The only defendants who are alleged arguably to be directly responsible for tobacco smoke in Unit 6 are Warden Hurley, Deputy Warden Lisath, Unit Manager Administrator Payne, and Unit Manager Henry. The complaint states a claim against these defendants.

The complaint alleges that after plaintiff Holdcroft filed a grievance, Chief Inspector Cheryl Martinez, Assistant Chief Inspector Linda Coval, and Institutional Inspector Robert Whitten failed to eliminate second-hand smoke from Unit 6. However, prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged retaliatory behavior" cannot be liable under §1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982).

There are claims that Sgt Taylor moved smokers into Unit 6 in May 2005, Complaint, ¶ 98; that in June 2003 C.O. Hewitt smoked in the dayroom, encouraging inmates to also smoke, *Id.*, ¶¶ 51 and 104; that on an unspecified date Sgt. Bell moved smokers into Unit 6, *Id.*, ¶¶ 91-94; that on February 18, 2005 C.O. Shannon Taylor was seen smoking in Unit 6, *Id.*, ¶¶ 54 and 102; that on June 6, 2003 C.O. Barnett was smoked in Unit 6, *Id.*, ¶ 103. The complaint fails to establish that plaintiff has exhausted his prison administrative remedies for any of these claims.

Under 42 U.S.C. §1997e(a), a prisoner challenging "prison conditions" under §1983 must first exhaust his administrative remedies. This exhaustion requirement applies to "all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). The exhaustion requirement is mandatory and must be addressed by the district court in the first instance. *Curry v. Scott*, 249 F.3d 493, 501 (6th Cir. 2001); *Brown v. Toombs*, 139 F.3d

1102, 1104 (6th Cir. 1998). Prisoners filing suit pursuant to §1983 "must allege and show that they exhausted all available state administrative remedies." *Toombs*, 139 F.3d at 1104. Ideally, a prisoner should attach to his §1983 complaint the administrative decision showing the disposition of his complaint. *Id*. At a minimum, a prisoner must set forth particularized averments sufficient for the district court to determine what claims have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Smith v. Shelby County*, No. 01-59399, 2002 WL 509519 (6th Cir. Apr. 2, 2002).

Ohio provides for an inmate grievance procedure by which inmate grievances are investigated and resolved by an inspector of institutional services. Ohio Admin. Code §5120-9-31(H). It is a three step process: (1) the prisoner must first file an informal complaint within 14 days of the event giving rise to the claim, the complaint must be filed with the director or department most directly responsible for the event; (2) 14 days after a response to an informal complaint or waiver by the responsible prison officials, the inmate may, if he so chooses, file a notification of grievance with the inspector of institutional services to which the inspector will respond; and (3) in the final step, within 14 days of the inspector's response to the inmate's notification of grievance determination, "if the inmate is dissatisfied with the disposition of [his] grievance, [he] may request an appeal from the inspector of institutional services." O.A.C. 5120-9-31(J). Furthermore, the ODRC provides all the proper forms necessary to follow this administrative procedure. *Id.* Only after these three steps have been taken, has an inmate exhausted his administrative remedies.

Prisoners must do more than file an initial grievance to exhaust remedies under §1997e(a). The exhaustion requirement means that *all* administrative remedies must be

5

exhausted. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001). If the grievance is denied initially, the prisoner must, within the time frame required by the administrative regulations, proceed on to the next step of the prison grievance procedure. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). An Ohio prisoner using the grievance remedies available under O.A.C. §5120-9-31 must, within five working days of the disposition of his grievance, appeal to the Chief Inspector. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); O.A.C. §5120-9-31(H)(8). If he fails to do so, the prisoner has not exhausted his prison administrative remedies as required by §1997e(a). *Freeman*, 196 F.3d at 645.

Here plaintiff did not file grievances regarding the alleged actionable conduct of defendants Sgt. Taylor, Sgt. Bell, C.O. Shannon Taylor, or C.O. Barnett. He did file a grievance in June 2003 which states, in part, that C.O. Hewitt smoked in Unit 6, but plaintiff did not appeal the June 24, 2003 informal complaint resolution to the next step in the grievance process.

The only grievance that plaintiff appealed to the Chief Inspector was filed in December 2004. Complaint, Exh. A-7. That grievance complained that prisoners who smoked were still being accepted as residents of Unit 6. The response to the grievance was that the prison's administrative and management staff were aware of the concerns plaintiff expressed and were working toward a solution. *Id.*, A-2. The Inspector acknowledged that because bed space was tight, prisoners released from segregation status were given any available bed. But inmates who use tobacco are moved from Unit 6. The prison had adopted an aggressive approach by increasing the number of shakedowns and issuing conduct reports to prisoners suspected of smoking. *Id.*, A-5.

Although the December 2004 grievance does not name specific prison officials, a fair

reading is that it is a complaint about the failure of Warden Pat Hurley, Deputy Warden Jeff Lisath, Unit Manager Administrator Charlene Payne, and Unit Manager Consuella Henry not to enforce the designation of Unit 6 as a tobacco and smoke free area.  I conclude that plaintiff has exhausted his prison administrative remedies as to his claims against these defendants but not as to his claims against the remaining defendants.

Accordingly, it is hereby **RECOMMENDED** that defendants Reginald A. Wilkinson, Director, Ohio Department of Rehabilitation and Correction; Chief Inspector Cheryl Martinez; Assistant Chief Inspector Linda Coval; Institutional Inspector Robert Whitten ; Major Roger Hall; Captain Jackie Lacy; First Shift Captain Lawless; Captain Vaught; Captain Bain; Captain Price; Lt. Warrens; Sgt. Bell; Sgt Mal Corey; Sgt. Phil Taylor; Sgt. Greg Hughes; Sgt. Carol; C.O. Shannon Taylor; C.O. Barnett; C.O. William Hewitt; and Deputy Warden Carol Upchurch be **DISMISSED** from this lawsuit because the complaint fails to state a claim under 42 U.S.C. §1983 against them and because plaintiff has not exhausted his prison administrative grievance remedies as to his claims against them.  The lawsuit will continue as to plaintiff's claims against defendants Warden Pat Hurley, Deputy Warden Jeff Lisath, Unit Manager Administrator Charlene Payne, and Unit Manager Consuella Henry.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order.  The defendants whose dismissal from this lawsuit are recommended by this Report and Recommendation are not required to answer the complaint unless later ordered to do so by the Court.  Defendants Warden Pat Hurley, Deputy Warden Jeff Lisath, Unit Manager Administrator Charlene Payne, and Unit Manager Consuella Henry are

ORDERED to answer the complaint within 45 days of its being served on them.

The Clerk of Court is DIRECTED to mail a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 140 E. Town St., 9th Floor, Columbus, Ohio 43215-6001.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Service*s, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge