IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HENRY ALLEN: HOLDCROFT, | : | |
| Plaintiff, | : | Case No. 2:05-cv-536 |
| v. | : | Judge Marbley |
| REGINALD WILKINSON, Director, Ohio Department of Rehabilitation and Correction, *et al.*, | : : | Magistrate Judge Abel |
| Defendants. | | |

**ORDER**

Plaintiff Henry Allen Holdcroft, a prisoner at the Ross Correctional Institution ("RCI"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants exposed him to cruel and unusual punishment by having him live in an environment with second-hand smoke. This matter is before the Court on Magistrate Judge Abel's November 14, 2005 report and recommendation recommending that defendants' July 12, 2005 motion to dismiss the claims against the remaining defendants pursuant to Rule 12(b)(6), Fed. R. Civ. P., be granted (doc. 27).

Holdcroft is assigned to Unit 6-A, a non-smoking cell unit at RCI. While the complaint does not state specifically why Holdcroft is assigned to Unit 6-A, it does state that his assignment is based on medical limitations. Compl. Exh. A-10. The complaint maintains that inmates have continued to smoke in Unit 6-A and that the defendant prison officials are at fault because of their imperfect enforcement of the no-smoking rules and policies.

Holdcroft maintains that prison officials violated his Eighth Amendment rights by

1

exposing him to second-hand smoke. The Eighth Amendment prohibits the government from inflicting cruel and unusual punishment. *Chance v. Armstrong*, 143 F.3d 698, 702 (7th Cir. 1988). Cruel and unusual punishment includes "the unnecessary and wanton infliction of pain." *Id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). To establish an Eighth Amendment violation under these circumstances, Holdcroft must show that prison officials acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 103-04 (1976). Deliberate indifference consists of two components. First, the violation must be sufficiently serious in objective terms in that the defendant must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Second is a subjective component which requires the plaintiff to show that the defendant did in fact draw such an inference. *Id.* Mere negligence does not constitute deliberate indifference. *See Estelle*, 429 U.S. at 106.

      The magistrate judge determined that Holdcroft had not stated a claim because he had not satisfied either the objective or subjective components. He failed to satisify the objective component because he had not pleaded exposure to an unreasonably high level of smoke. *See White v. Caruso,* 39 Fed. Appx. 75, 78 (6th Cir. Apr. 12, 2002). Holdcroft also failed to establish the subjective component because prison officials do not act with deliberate indifference when they try to enforce no smoking policies even when the enforcement is not perfect. *See Id.*; *Green v. Martin,* 18 Fed. Appx. 298, 300 (6th Cir. Aug. 22, 2001); *Russell v. Wilkinson*, 79 Fed. Appx. 175, 176 (6th Cir. Oct. 24, 2003). The pleadings and evidence presented in this case show that the defendant prison officials tried to enforce the no-smoking policies and rules within the non-smoking unit. It also shows that prison officials took

Holdcroft's complaints that inmates were smoking in the unit seriously and tried to correct the problem.  Holdcroft has failed to plead that the defendants acted with deliberate indifference to his Eighth Amendment rights.  Accordingly, he has failed to state a claim upon which relief can be granted.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation and GRANTS defendants' July 12, 2005 motion to dismiss the remaining defendants pursuant to Rule 12(b)(6), Fed. R. Civ. P.  The magistrate judge's November 14, 2005 report and recommendation (doc. 27) is **AFFIRMED** and **ADOPTED**.  This case is **DISMISSED**.

     s/Algenon L. Marbley
Algenon L. Marbley, Judge
United States District Court